# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Jasmine Williams,** | ) | **CASE NO. 1:18 CV 1033** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Affordable Dentures, Inc.,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Background

Plaintiff Jasmine Williams has filed a *pro se* complaint in this matter against Affordable Dentures, Inc., alleging she was unlawfully discriminated and retaliated against in connection with her employment. (Doc. No. 1.) She alleges she began working for Affordable Dentures in December 2015, and that after she transferred to an Ohio location she was mistreated and overworked by her regional managers and given no increase in pay. She complained to the president of the company about her situation in September 2017, and he granted her an immediate pay raise, but her regional manager allegedly refused to implement it and she was terminated from her job for no reason in January 2018. Although the plaintiff does not clearly allege specific legal claims or seek any specific relief in her complaint, her complaint indicates she alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and/or 42 U.S.C. § 1983. (*See* Doc. No. 1 at 1.)

The plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 2.) That

application is granted. For the reasons stated below, however, her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim" under §1915(e)(2)(B)).

## Analysis

The plaintiff's complaint must be dismissed under §1915(e)(2)(B) because, even liberally construed, it fails to allege any plausible federal claim under either § 1983 or Title VII.

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII's retaliation provision provides that it is unlawful for an employer to discriminate against an employee "because he has opposed any

practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e–3(a).

The plaintiff's allegations do not support a plausible inference that Affordable Dentures terminated her or otherwise discriminated against her in connection with her employment "because of" a characteristic protected under Title VII (*i.e.*, her race, color, religion, sex, or national origin). Nor do they support a plausible inference that she was terminated because she opposed an employment practice that Title VII makes unlawful. While the plaintiff's allegations may suggest she was treated unfairly or wrongfully terminated from her employment, they are insufficient to support a federal Title VII claim.

The plaintiff's allegations are also insufficient to suggest any plausible claim for relief under §1983. Section 1983 prohibits constitutional violations by state actors. To prove a violation of section 1983, a plaintiff must plead and prove that she has been deprived of rights secured by the Constitution or laws of the United States and that the defendant allegedly depriving her of those rights acted "under color of state law." *See Waters v. City of Morristown*, 242 F.3d 353, 359-60 (6th Cir.2001). Plaintiff does not allege facts suggesting that Affordable Dentures is a state actor, or that it deprived her of a right secured by the Constitution or laws of the United States. *See Bell v. Management & Training Corp.*, 122 Fed. App'x 219, 222 (6th Cir. 2005) (private employers are not state actors under § 1983 unless their actions can fairly be seen as "state action").

### Conclusion

Accordingly, for the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state allege any plausible federal claim. This dismissal is without prejudice to any state-law claim the plaintiff may properly assert on the alleged facts. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2018